IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DEBORA ANN GAY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | JURY |
| **THE KROGER CO.,** | § | |
| **KROGER TEXAS L.P.,** | § | |
| **KROGER LIMITED PARTNERSHIP I,** | § | |
| **AND** | § | |
| **KROGER LIMITED PARTNERSHIP II,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **DEBORA ANN GAY**, Plaintiff, complaining of The Kroger Co., Kroger Texas, L.P., Kroger Limited Partnership I, and Kroger Limited Partnership II, collectively the "Defendants", and would respectfully show the Court the following.

### 1. Parties

1.1. Plaintiff, Debora Ann Gay, is a resident of Gregg County, Texas.

1.2. In accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 30.015, Plaintiff discloses that Plaintiff's address is 502 Scenic Drive #139, Longview, Texas 75604.

1.3. In accordance with TEX. CIV. PRAC. & REM. CODE ANN. § 30.014, Plaintiff discloses that the last three (3) numbers of Plaintiff's Texas Driver's License number are 136 and that the last three (3) numbers of Plaintiff's Social Security Number are 048.

1.4. Defendant The Kroger Co. is a corporation organized under the law of the State of Ohio with a principal address of 1014 Vine Street, Cincinnati, Ohio 45202. Service of Process may be had by serving Defendant's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, with a summons.

1.5. Defendant Kroger Texas L.P. is a limited partnership organized under the laws of the State of Ohio with a principal address of 1014 Vine Street, Cincinnati, Ohio 45202. Service of Process may be had by serving Defendant's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, with a summons.

1.6. Defendant Kroger Limited Partnership I is a limited partnership organized under the laws of the State of Ohio with a principal address of 1014 Vine Street, Cincinnati, Ohio 45202. Service of Process may be had by serving Defendant's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, with a summons.

1.7. Defendant Kroger Limited Partnership II organized under the laws of the State of Ohio with a principal address of 1014 Vine Street, Cincinnati, Ohio 45202. Service of Process may be had by serving Defendant's registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA, with a summons.

## 2. Jurisdiction

2.1 Defendants The Kroger Co., Kroger Texas L.P., Kroger Limited Partnership I, and Kroger Limited Partnership II, are subject to this Court's personal jurisdiction pursuant to TEXAS CIV. PRAC. & REM. CODE §17.042 (Texas Long-Arm Statute).

2.2 Defendants The Kroger Co., Kroger Texas L.P., Kroger Limited Partnership I, and Kroger Limited Partnership II are subject to this Court's general and specific jurisdiction because it was doing business in Texas when it committed the tort in question in Texas and purposely availed itself of the rights and privileges of conducting business within the State of Texas.

2.3 Defendants The Kroger Co., Kroger Texas L.P., Kroger Limited Partnership I, and Kroger Limited Partnership II are subject to this Court's general and specific jurisdiction because Defendants do business in Texas, Defendants conduct substantial business in Texas, Defendants contract with Texas residents to perform contracts in whole or in part in Texas, Defendants recruit Texas residents for employment, or committed the tort in question in whole or in part in Texas, and has each has purposely availed itself of the rights and privileges of conducting business in Texas.

2.4. The assertion of this Court's jurisdiction over Defendants complies with traditional notions of fair play and substantial justice.

2.5. There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

2.6. Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. § 1332.

## 3. Venue

3.1. All or a substantial part of the events or omissions giving rise to Plaintiff's cause of action occurred in Gregg County, Texas, specifically the events or omissions occurred at the store location operated by Defendants, Kroger Store Number 959, located at 701 West Marshall Ave., Longview, Gregg County, Texas.

3.2. As set forth below, Plaintiff's causes of action emanate from a slip and fall injury that occurred in Gregg County, Texas, wherein the Defendants' negligence and negligent conduct occurring in Gregg County, Texas, was a proximate cause of the Plaintiff's damages resulting from the occurrence in question.

3.3. Venue in this judicial district is therefore proper pursuant to 28 U.S.C. § 1391.

## 4. Facts of Case.

4.1 On or about April 16, 2021, Plaintiff sustained personal injuries on the premises of the Kroger Grocery Store, Store Number 529, located at 701 West Marshall Avenue, Longview, Texas 75604.

4.2. At the time of the incident in question, Plaintiff was shopping in Defendants' grocery store when Plaintiff slipped and fell due to a liquid substance on the floor. No markings or signs were present to warn Plaintiff of the dangerous condition. Plaintiff sustained injuries as a result of the fall.

4.3. At all times, material, the premises were owned or otherwise under the control of Defendants, and Plaintiff was a business invitee of Defendants.

4.4. Defendants and its' agents knew about the unreasonably dangerous condition. Defendants' negligent failure to warn Plaintiff of the dangerous condition, or remedy the dangerous condition, is a proximate cause of the incident in question and Plaintiff's injuries resulting from the accident.

## 5. Causes of Action.

5.1. At the time of the occurrence in question, Plaintiff was a business invitee on Defendants' premises.

5.2. The premises were owned or otherwise under the control of Defendants, and the activities of third parties on the premises, including Plaintiff, were controlled by Defendants.

5.3. Plaintiff was on the premises with the knowledge and permission of Defendants and for its mutual benefit. Because Plaintiff was a business invitee on the premises, Defendants owed Plaintiff a duty to exercise ordinary care to: 1) keep the premises and store in a reasonably safe condition 2) inspect the premises to discover defects; and 3) make safe any defect or give adequate warning of any danger.

5.4. Defendants knew or should have known that the condition of the premises created an unreasonable risk of harm to invitees. Defendants had a duty to provide and ensure a safe means of access and egress throughout its retail establishment. Defendants had a duty to inspect walking surfaces regularly, and as necessary maintain the walking surfaces and walking areas in a safe condition. Any hazardous conditions on the walking

surface and floor of the Defendants' store should have been immediately corrected or repaired. If the correction or repair could not have been made immediately, the hazard should have been guarded to prevent persons from using the walking surface until the hazard was corrected or repaired. Defendants failed to exercise ordinary care to reduce or eliminate this risk to invitees, including Plaintiff. Defendants' failure to exercise reasonable care to reduce or eliminate this risk or warn Plaintiff of same was a proximate cause of Plaintiff's injuries.

5.5. Defendants' acts or omissions on this occasion involved an extreme degree of risk. Plaintiff will show that Defendants were grossly negligent. Alternatively, Plaintiff will show that the gross negligence of Defendants' agents, managers, supervisors and/or principals is imputed to Defendants because the principal authorized the doing or manner of the act; the agent was unfit and the principle was reckless in employing him; the agent was employed in a managerial capacity and was acting in the scope of his employment; or the employer or a manager of the employer, ratified or approved the act. Defendants and its' managers, supervisors, and/or principles acted with actual subjective awareness of this risk and conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

5.6. Plaintiff bases her causes of action in part upon negligence, negligence per se, or gross negligence as these terms are defined under the common law and statutes of Texas and the doctrines of *respondeat superior* and *res ipsa loquitur* are invoked where applicable.

5.7. Plaintiff would show that Defendants' conduct through its officers, employees, or agents, as set forth herein and otherwise, constituted negligence and gross

negligence by act or omission, each and all of which were a proximate cause of the occurrence or injury in question, and Plaintiff's damages resulting from the occurrence or injury in question.

5.8. All conditions preceding to filing this lawsuit and bringing said causes of action have been performed or have occurred.

## 6. Damages.

6.1. Plaintiff has suffered damages in the past as well as in the future.

6.2. These damages include those damages resulting to Plaintiff conditioned as she was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

6.3. These damages include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary healthcare, including rehabilitative services and devices resulting from the injuries sustained in the occurrence in question.

6.4. These damages include any subsequent aggravation of the injury sustained in the occurrence in question.

## 7. Prayer for relief.

7.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, jointly and severally, for the following relief:

7.2. Fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND

DOLLARS ($75,000.00), for past and future general and special damages, including actual damages;

    7.3.    Assessment of exemplary or punitive damages;

    7.4.    Recovery of prejudgment and postjudgment interest;

    7.5.    Reimbursement of taxable costs; and.

    7.6.    Such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

    7.7.    Plaintiff requests a trial by jury.

Respectfully submitted,

NEWSOM LAW FIRM
203 West Tyler
Gilmer, Texas 75644
Tel: (903) 680-8080
Fax: (903) 680-8484


***/s/ Joe Wayne Newsom, Jr.***
Joe Wayne Newsom, Jr.
Texas Bar No. 24051112
E-mail: jwnewsom@newsomlawfirm.com
*Attorney for Plaintiff*